**SIGNED THIS: December 18, 2007**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RODNEY L. DAILEY and | ) | No. 07-81073 |
| DENISE J. DAILEY, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| RODNEY L. DAILEY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 07-8102 |
| | ) | |
| CHASE BANK USA, N.A., | ) | |
| Defendant. | ) | |

### O P I N I O N

This matter is before the Court for entry of a default judgment and determination of damages for willful violation of the automatic stay.

### FINDINGS OF FACT

1. One of the Debtors, Rodney L. Dailey (the DEBTOR), owed a prepetition debt to the Defendant, Chase Bank USA, N.A. (CHASE), for credit card charges.

2. The DEBTOR and his wife filed their Chapter 13 petition on May 18, 2007, and scheduled CHASE as an unsecured creditor.

3. On May 23, 2007, CHASE was served by mail from the Bankruptcy Noticing Center with the Notice of Commencement of the Case.

4. On July 13, 2007, CHASE sued the DEBTOR in the Circuit Court of Cook County, Illinois, for judgment for the credit card balance of $2,557.99.

5. By letter of July 18, 2002, CHASE mailed to the DEBTOR a copy of the complaint and summons along with an offer to refile the suit in the county of the DEBTOR'S residence, if he so elected.

6. On August 20, 2007, the DEBTOR filed the Adversary Complaint against CHASE and mailed a copy of the Complaint and the Summons to CHASE on the same day.

7. On September 11, 2007, CHASE voluntarily dismissed the Cook County lawsuit.

8. CHASE'S Answer to the Adversary Complaint was due September 19, 2007. CHASE has neither appeared nor filed a responsive pleading.

9. The Complaint seeks an award of actual damages, punitive damages and attorney fees.

## ANALYSIS

Section 362(k) of the Bankruptcy Code provides that an individual injured by a willful violation of the automatic stay "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). Any deliberate act taken in violation of a stay the actor knows to be in existence is willful and justifies an award of actual damages. *Fleet Mortg. Group, Inc. v. Kaneb,* 196 F.3d 265 (1st Cir. 1999). In the Seventh Circuit, purely emotional injuries without any accompanying financial loss, are not compensable under this provision. *Aiello v. Providian Financial Corp.,* 239 F.3d 876 (7th Cir. 2001). However, attorney fees and

punitive damages may be awarded even where the actual harm suffered by the debtor is not compensable. *Patton v. Shade,* 263 B.R. 861 (C.D.Ill. 2001).

Because CHASE failed to answer the Complaint, the DEBTOR is entitled to judgment by default. When a defendant defaults, the allegations of the complaint, except as to the amount of unliquidated damages, are taken as true and liability is established as a matter of law. *e360 Insight v. The Spamhaus Project,* 500 F.3d 594 (7th Cir. 2007). Unliquidated damages must be determined by the court, usually at a hearing for the prove-up of the damages.

With notice to CHASE, a prove-up hearing was held on November 29, 2007. At the hearing, at which CHASE failed to appear, the DEBTOR acknowledged suffering no financial loss as a result of the stay violation and withdrew his request for an award of actual damages other than attorney fees. He requested an award of fees in the amount of $810.00 and his attorney filed an Application for Compensation in that amount supported by a detailed itemization of the time expended.

The DEBTOR also requested an award of punitive damages in the amount of $2,500.00. The primary purpose of punitive damages awarded for a willful violation of the automatic stay is to cause a change in the creditor's behavior; the prospect of such change is relevant to the amount of punitive damages to be awarded. *In re Riddick,* 231 B.R. 265, 269 (Bankr.N.D.Ohio 1999); *see, also, In re Novak,* 223 B.R. 363 (Bankr.M.D.Fla. 1997) (bankruptcy court gauges punitive damage award based on gravity of creditor's offense, and sets award at levels sufficient to insure that it will punish and deter). The factors to be considered for an award of punitive damages for a willful violation of the automatic stay

include the following: the nature of the creditor's conduct, the nature and extent of harm to the debtor, the creditor's ability to pay damages, the level of sophistication of the creditor, the creditor's motives, and any provocation by the debtor. *In re Flack,* 239 B.R. 155, 163 (Bankr.S.D.Ohio 1999); *In re Klein,* 226 B.R. 542, 545 (Bankr.D.N.J. 1998); *In re Wills,* 226 B.R. 369, 376 n.8 (Bankr.E.D.Va. 1998).

Every willful violation of the automatic stay does not, *ipso facto,* warrant punitive damages. Congress has left it up to the bankruptcy courts to determine when "appropriate circumstances" exist that justify such an award. When a creditor's conduct is not particularly egregious and the debtor makes no effort to correct the problem before racing into court, courts are understandably reluctant to impose such sanctions. *In re Dayley,* 349 B.R. 825, 829 (Bankr.D.Idaho 2006). When a creditor promptly and effectively addresses the offensive conduct upon notification from the debtor or the debtor's attorney, punitive damages are generally avoided. *Id.* at 830.

Courts strongly encourage debtors and their attorneys to contact the offending creditor by mail or phone before commencing an action for damages. *In re Risner*, 317 B.R. 830 (Bankr.D.Idaho 2004). Attorney fees awards may be reduced or denied entirely where the debtor fails to make any reasonable effort to request that the creditor withdraw its offending pleading or cease its offending communication before escalating the matter into a "federal case" by immediately initiating an action for damages. *Id.* There may, of course, be exceptional circumstances where a creditor by the nature of its conduct or the substance of its communication engenders a reasonable belief that a cease and desist request would be futile.

In the case at bar, the DEBTOR did not call or write CHASE before commencing this adversary proceeding. When CHASE received the Complaint and Summons, it took no further action to prosecute its claim and promptly dismissed the state court complaint. This mitigating response indicates that CHASE likely would have dismissed its complaint based upon a communication from the DEBTOR or the DEBTOR'S attorney directly referencing the pending bankruptcy case and CHASE'S violation of the automatic stay.

This is not to say that the stay violation should be entirely excused. CHASE is a large, sophisticated creditor with a wealth of bankruptcy experience. It can be assumed that CHASE has systems in place to make sure that the automatic stay is honored whenever a borrower files for bankruptcy relief. For reasons not a part of the record, those systems failed here and a willful violation of the stay occurred.[1] But CHASE'S conduct is not so egregious as to warrant an award of punitive damages.

An award of attorney fees is appropriate but in a reduced amount due to the DEBTOR'S failure to contact CHASE before filing this adversary proceeding. Fees of $400.00 will be awarded and judgment will be entered for that amount.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

### 

---

[1] CHASE forfeited the opportunity to explain the mistake, and perhaps avoid liability altogether, when it chose not to defend the Complaint.